# EXHIBIT A

FILED
ADAMS COUNTY, PA
PROTHONOTARY

2026 MAY 29 AM 10: 40

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CONAN J. HIGGINS and<br>RYAN J. MORRIS<br>Plaintiffs | : | No. 2026-SU-0548<br><br>CIVIL ACTION - LAW |
| Vs. | : | Jury Trial Demanded |
| LIBERTY TOWNSHIP,<br>WALTER BARLOW, individually and in his official capacity<br>ROBERT "BOBBY" KEILHOLTZ, Individual and in his official capacity<br>CHRISTOPHER HILL, individually and in his official capacity,<br>Defendants | : | |

TO: LIBERTY TOWNSHIP
WALTER BARLOW
ROBERT "BOBBY" KEILHOLTZ
CHRISTOPHER HILL
39 Topper Road
Fairfield, Adams County, PA 17320

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the foregoing pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Adams County

**For Prothonotary Use Only:**

Docket No: 2026-SU-0548

FILED ADAMS COUNTY, PA PROTHONOTARY 2026 MAY -8 AM 10:43

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**

- [ ] Complaint
- [X] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Conan J. Higgins and Ryan J. Morris

Lead Defendant's Name: Liberty Township, Walter Barlow, Robert Kielhotlz, and C

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Edward A. Paskey, Esq.

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA

CONAN J. HIGGINS and
RYAN J. MORRIS
Plaintiffs

Vs.

LIBERTY TOWNSHIP,
WALTER BARLOW, in his official capacity
ROBERT "BOBBY" KIELHOTLZ,
in his official capacity
CHRISTOPER HILL, in his official capacity,
Defendants

No. 2026-SU-0548

CIVIL ACTION - LAW

Jury Trial Demanded

FILED
ADAMS COUNTY, PA
PROTHONOTARY
2026 MAY -8 AM 10:43

PRAECIPE FOR SUMMONS

TO THE PROTHONOTARY OF SAID COURT:

__X__ Issue summons against LIBERTY TOWNSHIP, WALTER BARLOW, ROBERT KIELHOTLZ, and CHRISTOPHER HILL in the above case.

__X__ Writ of Summons shall be issued and forwarded to the Attorney/Sheriff.

Respectfully Submitted:

FRANCEPASKEYSWOPEPUGH

/s/Edward A. Paskey/ljb

Edward A. Paskey, Esquire
Attorney ID No. PA 80304
2675 Eastern Blvd.
York, PA 17402-2905
Phone: (717) 757-4565

FILED
ADAMS COUNTY, PA
PROTHONOTARY

2026 MAY -8 AM 10: 43

**SUMMONS IN CIVIL ACTION**

TO: LIBERTY TOWNSHIP

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

Date: 5/8/26

Prothonotary, Civil Division

By:
Deputy

5/8/ 2026 This being a true and attested copy taken from and compared with the original.

Attest:

Deputy Prothonotary

COURT OF COMMON PLEAS ADAMS COUNTY, PA

FILED
ADAMS COUNTY, PA
PROTHONOTARY

2026 MAY -8 AM 10: 43

**SUMMONS IN CIVIL ACTION**

TO: WALTER BARLOW

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

Date: 5/8/26

Prothonotary, Civil Division

By:
Deputy

5/8/ 2026 This being a true and attested copy taken from and compared with the original.

Attest:

Deputy Prothonotary

COURT OF COMMON PLEAS ★ ADAMS COUNTY, PA ★

FILED
ADAMS COUNTY, PA
PROTHONOTARY

2026 MAY -8 AM 10:43

**SUMMONS IN CIVIL ACTION**

TO: ROBERT KIELHOTLZ

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

Date: 5/8/26

Beverly Boyd
Prothonotary, Civil Division

By: [signature]
Deputy

5/8/ 2026 This being a true and attested copy taken from and compared with the original.

Attest:
[signature]
Deputy Prothonotary

COURT OF COMMON PLEAS ADAMS COUNTY, PA

FILED
ADAMS COUNTY, PA
PROTHONOTARY

2026 MAY -8 AM 10:43

## SUMMONS IN CIVIL ACTION

TO: CHRISTOPHER HILL

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

Date: 5/8/26

Prothonotary, Civil Division

By:
Deputy

5/8/ 2026 This being a true and attested copy taken from and compared with the original.

Attest:

Deputy Prothonotary

COURT OF COMMON PLEAS ADAMS COUNTY, PA

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

FrancePaskeySwopePugh

Date: May 7, 2026

/s/Edward A. Paskey

Edward A. Paskey, Esquire
PA Atty. ID No. 80304
2675 Eastern Boulevard
York, PA 17402
Attorney for Plaintiffs, Ryan J. Morris and
Conan J. Higgins

with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to dos so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DONOT HAVE OR KNOW A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

ADAMS COUNTY LAWYER REFERRAL SERVICE
COURT ADMINISTRATOR
ADAMS COUNTY COURTHOUSE
117 BALTIMORE STREET
GETTYSBURG, PA 17325
717-337-9846

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CONAN J. HIGGINS and<br>RYAN J. MORRIS<br>Plaintiffs | : | No. 2026-SU-0548<br>CIVIL ACTION - LAW |
| Vs. | : | Jury Trial Demanded |
| LIBERTY TOWNSHIP,<br>WALTER BARLOW, individually<br>and in his official capacity<br>ROBERT "BOBBY" KEILHOLTZ,<br>Individually and in his official capacity<br>CHRISTOPHER HILL, individually and<br>in his official capacity,<br>Defendants | : | |

TO: LIBERTY TOWNSHIP
WALTER BARLOW
ROBERT "BOBBY" KEILHOLTZ
CHRISTOPHER HILL
39 Topper Road
Fairfield, Adams County, PA 17320

NOTICIA

USTED HA SIDO DEMANDADO EN LA CORTE. Si usted desea defenderse de las quejas expuestas en las paginas siguientes, debe tomar accion dentro de veinte (20) dias a partir de la fecha en que recibio la demanda y el aviso. Usted debe presentar comparecencia escrita en persona o por abogado y presentar en la Corte por escrito sus defensas o sus objeciones a las demandas en su contra.

Se le avisa que si no se defiende, el caso puede proceder sin usted y la Corte puede decidir en su contra sin mas aviso o notificacion por cualquier dinero reclamado en la demanda o por cualquier otra queja o compensacion reclamados por el Demandante. USTED PUEDE PERDER DINERO, O PROPRIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE. SI USTED NO TIENE O NO CONOCE UN ABOGADO, VAYA O LLAME A LA OFICINA EN LA DIRECCION ESCRITA ABAJO PARA AVERIGUAR DONDE PUEDE OBTENER ASISTENCIA LEGAL.

ADAMS COUNTY LAWYER REFERRAL SERVICE
COURT ADMINISTRATOR
ADAMS COUNTY COURTHOUSE
117 BALTIMORE STREET
GETTYSBURG, PA 17325
717-337-9846

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CONAN J. HIGGINS and<br>RYAN J. MORRIS<br>Plaintiffs | : | No. 2026-SU-0548<br><br>CIVIL ACTION - LAW |
| Vs. | : | Jury Trial Demanded |
| LIBERTY TOWNSHIP,<br>WALTER BARLOW, individually and in his official capacity<br>ROBERT "BOBBY" KEILHOLTZ, Individually and in his official capacity<br>CHRISTOPHER HILL, individually and in his official capacity,<br>Defendants | : | |

COMPLAINT

The Plaintiffs, Conan J. Higgins and Ryan J. Morris, by and through their attorneys, FrancePaskeySwopePugh, files this Complaint against the Defendants, Liberty Township, Walter Barlow, Robert "Bobby' Keilholtz and Christopher Hill. In support thereof, the following is averred to be true:

PARTIES

1. Plaintiff Conan J. Higgins ("Higgins") is an adult individual, having an address of 3911 GA Highway 119 N, Pembroke, Georgia 31321.

2. Plaintiff Ryan J. Morris ("Morris") is an adult individual, having an address of 1425 Knoxlyn Orrtanna Rd, Orrtanna, Adams County, Pennsylvania 17353.

3. Defendant Liberty Township (the "Township") is a duly organized Township of the Second Class in Adams County, Commonwealth of Pennsylvania with an address of 39 Topper Rd, Fairfield, Adams County, Pennsylvania 17320.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

4. Defendants Walter Barlow, Robert "Bobby' Keilholtz and Christopher Hill are adult individuals and current members of the Township's Board of Supervisors ("BOS") at the above referenced address, who are sued in both individually and in their official capacity.

JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in the Court of Common Pleas of Adams County, Pennsylvania in that all events relevant to this matter occurred in Adams County, Pennsylvania and where all Defendants are located.

FACTS COMMON TO ALL COUNTS

The Plaintiffs and their Employment with the Township as Sworn Police Officers

6. On or about August 7, 2024, Morris was sworn as a paid, part-time police officer for the Township's police department.

7. On or about January 6, 2025, Morris was promoted to the rank of Sergeant of the Township's police department.

8. On or about February 4, 2026, Higgins was sworn as a paid, part-time police officer for the Township's police department.

9. As sworn police officers, both Morris and Higgins devoted substantially all of their working hours with the Township as employees serving the residents of the Township and enforcing the laws of the Commonwealth of Pennsylvania.

10. At all times relevant both Morris and Higgins were associated with a business located in Adams County, Pennsylvania known as Tripwire South, LLC ("Tripwire South").

11. Morris is the President and founder of Tripwire South.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

12. Higgins serves as in-house legal counsel to Tripwire South. In addition to his law enforcement experience, Higgins is also an attorney licensed to practice before the bar of the state of California and the District of Columbia.

13. Tripwire South is an internationally recognized leader in explosive products, services and training, providing support to military units and federal, state and local law enforcement agencies.

14. At all times relevant, the Defendants were aware of both Morris' and Higgins' associations with Tripwire South.

15. Since Morris' employment with the Township, Tripwire South has provided substantial donations to the Township's police department in the form of such items as firearms, a vehicle, audio and video equipment for officers and department vehicles and uniforms for the department. In total, Tripwire South has donated approximately Two Hundred Eighty-Eight Thousand and 00/100 ($288,000.00) Dollars to the Township in either equipment or donation of services.

The Defendants and Tripwire Aviation, LLC

16. Morris is also a member of Tripwire Aviation, LLC, ("Tripwire Aviation") a limited liability company registered in the state of Delaware, but maintain places of business in Adams County, Pennsylvania.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

17. Higgins serves as in-house legal counsel for Tripwire Aviation, LLC.

18. Among other purposes, Tripwire Aviation provides specialized, mission-critical tactical helicopter training.

19. On March 4, 2025, the Township entered into a memorandum of understanding ("MOU") with Tripwire Aviation whereby Tripwire Aviation would permit the Township to utilize its services to provide a pilot public safety aviation program for residents of the Township and surrounding communities in Adams County. The MOU was for a period of one (1) year.

20. At all times relevant, the Defendants were aware of both Morris' and Higgins' associations with Tripwire Aviation.

The Defendants and RAM Real Estate, LLC

21. Morris is also a member of a RAM Real Estate, LLC, ("RAM") a limited liability company registered in the state of Delaware but maintains a place of business in Adams County, Pennsylvania. On or about March 21, 2026, RAM submitted a land development plan to the Township proposing to build a three thousand (3,000) square foot hangar for storage of a helicopter on an existing lot in the Township.

22. At all times relevant, the Defendants were aware of Morris' association with RAM Real Estate, LLC.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

The Bizzell Corporation's Litigation against Tripwire South, Tripwire Aviation, and Morris

23. On or about April 16, 2025, Bizzell Corporation, a Wyoming corporation, filed a civil action in the United States District Court for the Middle District of Pennsylvania against Tripwire South, Tripwire Aviation, Morris and others (the "Bizzell Litigation").

24. The complaint filed in the Bizzell litigation contains scandalous, and false claims, against the named defendants alleging such causes of action as fraud, theft, and contract.

25. The Bizzell Litigation is, quite simply, a hit piece directed at the named defendants, including Morris.

26. Interestingly, the Bizzell Litigation has garnered a higher than usual amount of media attention in Adams County, South Central Pennsylvania and Northern Maryland.

27. All defendants in the Bizzell Litigation, including Morris, have vehemently denied the allegations in the filed complaint.

Higgins and Morris are Abruptly Terminated by the Township without Notice

28. On April 1, 2026, the Defendants each attended the monthly BOS meeting of the Township.

29. The Township's BOS meetings are public and live streamed on YouTube.

30. The BOS meeting on April 1, 2026 was livestreamed on YouTube.

31. The publicly available agenda for the April 1, 2026, BOS meeting listed two (2) agenda items of note:

    a. Item (9)(a)(v), Review Helicopter MOU Aviation, LLC; and

    b. Item (9)(d)(iii), Consider Accepting RAM Real Estate Land Development Plan Dated for Review

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

A copy of the agenda for the Township's April 1, 2026 BOS meeting ("agenda") is attached hereto as Exhibit A and incorporated herein by reference as more full set forth at length.

32. Noticeably absent from the agenda is an executive session for the BOS to discuss personnel matters.

33. On April 1, 2026, several actions were taken by the BOS that can in no way be considered coincidental. A copy of the minutes from the BOS's ("minutes") meeting are attached hereto as Exhibit B and incorporated herein by reference as if more fully set forth at length.

34. First, the Township, through the individually named Defendants comprising the members of the BOS, unanimously voted to not extend the MOU with Tripwire Aviation.

35. The minutes state the following:

"Mr. Hill thanked Tripwire Aviation for participating in an MOU with the [T]ownship for the past year and for the opportunity to explore a public/private partnership. After careful consideration, Mr. Hill made a motion to decline to renew the contract or extend the agreement with Tripwire Aviation, LLC. Mr. Keilholtz seconded the motion. All voted yes, and the motion carried."

36. Second, the Township, through the individually named Defendants comprising the members of the BOS, unanimously voted to not grant a waiver for review of RAM Real Estate Land Development Plan.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

37. The minutes state the following:

"Public Comments: Paul Royer, who identified himself as an attorney representing RAM Real Estate, addressed the Board. Mr. Royer stated that his client currently has a Land Development Plan for a hangar submitted to the township for review. He stated that the lease for the space that his client currently has for the aircraft is about to expire. Mr. Royer also stated that his client has already obtained an approved stormwater management plan from the township and that it is very similar to the Land Development Plan. Mr. Royer requested that the Board consider conditional permit, or a provisional permit, or an expedited review of the plan. Mr. Barlow replied that Mr. Royer's client was first informed that he would need a Land Development Plan by the Liberty Township Zoning Officer on December 18, 2025 and no Land Development Plan was submitted until March 18, 2026. Mr. Barlow made a motion not to grant a waiver for the review of the RAM Real Estate Land Development Plan. Mr. Hill seconded the motion. All voted yes, and the motion passed."

38. The net effect of this motion by the BOS was to delay approval of RAM's development plan. This is obvious because later in the meeting, the BOS, via the individually named Defendants, unanimously voted to accept the RAM Real Estate Land Development plan dated March 23, 2026 for review. See Exhibit B, page 3, bullet point 4 under Planning Commission Report.

39. Finally, but most significantly, the BOS, via the individually named Defendants, after unanimously voting to not renew the MOU with Tripwire Aviation and after unanimously voting to not grant a waiver to RAM Development, surprisingly left the meeting at 7:43 PM, and went into an Executive Session with the Township Solicitor.

40. Forty two (42) minutes later, at 8:25 PM, the Township's BOS, via the individually named Defendants, abruptly and without prior notice unanimously voted to terminate Higgins and Morris as police officers for the Township.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

41. The minutes state the following:

> "At 8:25 PM, Chairman Barlow called the meeting back to order and announced that the Board met in Executive Session to discuss personnel issues. Mr. Keilholtz commented that after careful consideration and considerable discussion with the Board and Solicitor, Mr. Keilholtz made a motion to terminate the employment of Liberty Township Police Officers Conan Higgins and Ryan Morris effective immediately. Mr. Hill seconded the motion, and All voted yes, and the motion passed."

42. Neither the Township, nor the individual Defendants, have publicly provided any explanation for the abrupt, public termination of Higgins and Morris.

43. Neither the Township, nor the individual Defendants, have publicly stated that the termination of Higgins and Morris were due to financial issues experienced by the Township, a need to reduce the number of police officers employed by the Township or any non-nefarious reason.

44. Neither the Township, nor the individual Defendants, have publicly declared that Higgins and Morris were removed as police officer employed by the Township for (1) physical or mental disability affecting their ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or (5) intoxication while on duty. In short, neither Higgins, nor Morris have engaged in the aforementioned behavior.

45. On the contrary, the silence of the Defendants have caused unnecessary and wild public speculation that Higgins and Morris were engaged in wrongful or unlawful acts.

46. The abrupt terminations of Higgins and Morris have garnered a higher than usual amount of media attention in Adams County, South Central Pennsylvania and Northern Maryland

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

47. For example, in both articles published in the Gettysburg Times on April 22, 2026 and on Emmitsburg.net on April 15, 2026, it was reported that the terminations of Higgins and Morris were conducted with no elaboration by the Township for the reason.

48. Neither the Township, nor the individual Defendants, communicated the termination to Higgins and Morris on April 1, 2026.

49. Higgins and Morris were told about their termination via the Chief of Police and by watching their unexplained termination on YouTube like the rest of the general public.

50. At no time prior to their termination were either Higgins or Morris:

a. Provided formal or informal notice that any of their actions or inactions as police officers were being reviewed for violation of departmental policy or state/federal laws;

b. Provided formal notice that the Township alleged that they had violated any departmental policy or state/federal laws;

c. Required by the Township to attend any investigatory hearings

d. Provided with an explanation of the Township's evidence in support of any violation of departmental policy or state/federal laws;

e. Provided with an opportunity to respond to any allegations that they had violated any departmental policy or state/federal laws;

f. Provided with an opportunity to address the BOS about any allegations that they had violated any departmental policy or state/federal law; or

g. Provided with a "name clearing" opportunity before being deprived of their salary and benefits.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

51. The manner in which the Defendants terminated Morris and Higgins have cast them in a negative public light.

52. Finally, on April 14, 2026, Morris and Higgins received their official termination notices from the Township. A copy of Morris' termination notice is attached hereto as Exhibit C and incorporated herein by reference as if more fully set forth at length. A copy of Higgins' termination notice is attached hereto as Exhibit D and incorporated herein by reference as if more fully set forth at length.

53. Upon information and belief, the Township provided notice to the Pennsylvania Municipal Police Officers Education and Training Commission ("MPOETC") via a Separation Record Form commonly known as LE-001 that both Morris and Higgins were terminated for unknown reasons by the BOS and that no unsatisfactory conduct or work ethic was committed by either.

54. At all times relevant, Morris and Higgins honorably served as police officers for the Township.

55. At all times material hereto, the individual Defendants, were servants, agents, and/or employees of Township, and were acting under color of state law when they engaged in official policy, custom, and decision to terminate both Morris and Higgins.

56. At all times material hereto, the Township was acting under color of state law when they engaged in official policy, custom and decision to terminate both Morris and Higgins

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

COUNT I - False Light, Invasion of Privacy

Plaintiff Ryan J. Morris v. All Defendants

57. Plaintiffs repeat and reiterate paragraphs 1 through 56 herein as if more fully set forth at length.

58. The Defendants' termination of Morris, as set forth previously, without proper explanation gave publicity to a matter concerning him that placed Morris before the public in a false light and have, and will continue to cause, reputational damages.

59. The false light in which Morris was placed by the Defendants was highly offensive to any reasonable person in the Adams County, PA and Northern Maryland communities.

60. The Defendants either had knowledge of or acted in reckless disregard for the falsity of the publicized matter (i.e. the implication that Morris was terminated for wrongdoing) and the false light in which Morris was placed.

WHEREFORE, the Plaintiff, Ryan J. Morris, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of exclusive of costs, pre-judgment interest, post judgment interest and all such other relief that this Honorable Court deems fair and just.

COUNT II - False Light, Invasion of Privacy

Plaintiff Conan J. Higgins v. All Defendants

61. Plaintiffs repeat and reiterate paragraphs 1 through 60 herein as if more fully set forth at length.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

62. The Defendants' termination of Higgins, as set forth previously, without proper explanation gave publicity to a matter concerning him that placed Higgins before the public in a false light and have, and will continue to cause, reputational damages.

63. The false light in which Higgins was placed by the Defendants was highly offensive to any reasonable person in the Adams County, PA and Northern Maryland communities.

64. The Defendants either had knowledge of, or acted in reckless disregard for, the falsity of the publicized matter (i.e. the implication that Higgins was terminated for wrongdoing) and the false light in which Higgins was placed.

WHEREFORE, the Plaintiff, Conan J. Higgins, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, post judgment interest and all such other relief that this Honorable Court deems fair and just

COUNT III – 42 U.S.C. Section 1983, Violation of Morris' Constitutional Right to Due Process under the Fourteenth Amendment of the United States Constitution; Deprivation of Pre- and Post Termination Rights

Plaintiff Ryan J. Morris v. All Defendants

65. Plaintiffs repeat and reiterate paragraphs 1 through 64 herein as if more fully set forth at length.

66. Morris believes and therefore avers that he had an acquired property interest in his job, having worked as a Township employee as a police officer, even though he was part-time, prior to his wrongful termination.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

67. Morris believes and therefore avers that as a result of the Defendant's actions in terminating his employment on April 1, 2026, he has been deprived of his property interest in his employment without due process of law.

68. Prior to his termination, Morris was deprived of his due process rights by the Defendants in that Defendants failed to provide him with a "Loudermill Hearing" and provide Morris an opportunity to review any evidence against him or respond.

69. After his termination, Morris was deprived of his due process rights by the Defendants failing to provide him with an opportunity to appeal his termination.

70. Morris believes, and therefore avers, that at the time he was terminated, the Defendants deprived him of his constitutionally protected right to a hearing and clearly understood that they were violating the Plaintiff's legally established rights.

71. Morris believes, and therefore avers, that Defendants denied him his property rights without due process of law in violation of the Fourteenth Amendment of the United States Constitution by discharging him from his employment, and by failing to give him a proper hearing prior to taking action against him.

WHEREFORE, the Plaintiff, Ryan J. Morris, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, post judgment interest, punitive damages, reasonable attorneys' fees and all such other relief that this Honorable Court deems fair and just.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

COUNT IV – 42 U.S.C. Section 1983, Violation of Higgins' Constitutional Right to Due Process under the Fourteenth Amendment of the United States Constitution; Deprivation of Pre- and Post Termination Rights

Plaintiff Conan J. Higgins v. All Defendants

72. Plaintiffs repeat and reiterate paragraphs 1 through 71 herein as if more fully set forth at length.

73. Higgins believes and therefore avers that he had an acquired property interest in his job, having worked as a Township employee as a police officer, even though he was part-time, prior to his wrongful termination.

74. Higgins believes and therefore avers that as a result of the Defendant's actions in terminating his employment on April 1, 2026, he has been deprived of his property interest in his employment without due process of law.

75. Prior to his termination, Higgins was deprived of his due process rights by the Defendants in that Defendants failed to provide him with a "Loudermill Hearing" and provide Higgins an opportunity to review any evidence against him or respond.

76. After his termination, Higgins was deprived of his due process rights by the Defendants failing to provide him with an opportunity to appeal his termination.

77. Higgins believes, and therefore avers, that at the time he was terminated, the Defendants deprived him of his constitutionally protected right to a hearing and clearly understood that they were violating his legally established rights.

78. Higgins believes, and therefore avers, that Defendants denied him his property rights without due process of law in violation of the Fourteenth Amendment of the United States

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

Constitution by discharging him from his employment, and by failing to give him a proper hearing prior to taking action against him.

WHEREFORE, the Plaintiff, Conan J. Higgins, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, post judgment interest, punitive damages, reasonable attorney's fees and all such other relief that this Honorable Court deems fair and just.

COUNT V – 42 U.S.C. Section 1983, Violation of Morris' Constitutional Right to Due Process under the Pennsylvania Police Tenure Act

Plaintiff Ryan J. Morris v. All Defendants

79. Plaintiffs repeat and reiterate paragraphs 1 through 78 herein as if more fully set forth at length.

80. As stated above, Morris believes and therefore avers that he had an acquired property interest in his job, having worked as a Township employee as a police officer, even though he was part-time, prior to his wrongful termination.

81. Morris believes and therefore avers that as a result of the Defendant's actions in terminating his employment on April 1, 2026, he has been deprived of his property interest in his employment without due process of law.

82. Morris can only be removed as police officer employed by the Township for (1) physical or mental disability affecting their ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or (5) intoxication while on duty.

83. At all times relevant, Morris engaged in no conduct as set forth in the preceding paragraph that would have justified his removal.

84. Morris can only be removed as a police officer employed by the Township after having been given of notice of the charges and/or allegations against him and afforded a hearing in which all allegations and evidence against him be presented, and he be afforded an opportunity to rebut or contest those allegations and evidence and appeal his termination. The Defendants failed to provide Morris with these protections.

85. Morris believes, and therefore avers, that Defendants denied him his property rights without due process of law in violation of the Fourteenth Amendment of the United States Constitution by discharging him from his employment, and by failing to provide him with him with the aforementioned rights guaranteed under the Pennsylvania Police Tenure Act.

WHEREFORE, the Plaintiff, Ryan J. Morris, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, post judgment interest, punitive damages, reasonable attorney's fees and all such other relief that this Honorable Court deems fair and just.

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

COUNT VI – 42 U.S.C. Section 1983, Violation of Higgins' Constitutional Right to Due Process under the Pennsylvania Police Tenure Act

Plaintiff Conan J. Higgins v. All Defendants

86. Plaintiffs repeats and reiterates paragraphs 1 through 78 herein as if more fully set forth at length.

87. As stated above, Higgins believes and therefore avers that he had an acquired property interest in his job, having worked as a Township employee as a police officer, even though he was part-time, prior to his wrongful termination.

88. Higgins believes and therefore avers that as a result of the Defendant's actions in terminating his employment on April 1, 2026, he has been deprived of his property interest in his employment without due process of law.

89. Higgins can only be removed as police officer employed by the Township for (1) physical or mental disability affecting their ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or (5) intoxication while on duty.

90. At all times relevant, Higgins engaged in no conduct as set forth in the preceding paragraph that would have justified his removal.

91. Higgins can only be removed as a police officer employed by the Township after having been given of notice of the charges and/or allegations against him and afforded a hearing in which all allegations and evidence against him be presented, and he be afforded an

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

opportunity to rebut or contest those allegations and evidence and appeal his termination. The Defendants failed to provide Higgins with these protections.

92. Higgins believes, and therefore avers, that Defendants denied him his property rights without due process of law in violation of the Fourteenth Amendment of the United States Constitution by discharging him from his employment, and by failing to provide him with him with the aforementioned rights guaranteed under the Pennsylvania Police Tenure Act.

WHEREFORE, the Plaintiff, Conan J. Higgins, respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, post judgment interest, punitive damages, reasonable attorney's fees and all such other relief that this Honorable Court deems fair and just.

Respectfully Submitted

/s/Edward A. Paskey/ljb

Edward A. Paskey, Esquire
FrancePaskeySwopePugh
Attorney ID. 80304
2675 Eastern Boulevard
York, PA 17402
Phone: (717) 757-4565
Fax: (717) 755-4708

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require documents containing confidential information to be filed differently than documents containing non-confidential information. Additionally, artificial intelligence was not utilized in the drafting and preparation of this filing.

EXHIBIT A

Liberty Township, Adams County, PA 39 Topper Road, Fairfield, PA 17320

*This meeting is being recorded and live streamed when possible.*

Wednesday, April 1, 2026 at 6 PM

AGENDA

1) Call Meeting to Order

2) Roll Call

3) Road Work Bid Opening

4) Annual Pension Presentation by RJ Hall

5) Public Comments

6) Supervisor Comments

7) Minutes:
   a) March 4, 2026, Regular Meeting

8) Expenses/Payroll:
   a) Invoices 03/05/26 - 04/01/2026
   b) Payroll 02/22/26-03/07/26- CH
   c) Payroll 03/08/26-03/21/26- BK

9) Township Reports
   *a) Police Department*
      i) Consider Bids and Awarding Contract for Cellular and Hot Spot Service
      ii) Consider Accepting NNO Facility Contract
      iii) Consider Reviewing Act 22 Law Enforcement Audio and Video Recording Request Policy
      iv) Consider Accepting Employee Resignation
      v) Review Helicopter MOU with Tripwire Aviation, LLC
      vi) Consider Part Time Officers
      vii) Consider Auxiliary Police Status
      viii) Consider ICE 287(g) Program

   *b) Zoning/Sewage Enforcement*
      i) Permits Issued in March
      ii) Outstanding Zoning Issues

   *c) Road Department*
      i) Consider Awarding Road Work Bids
      ii) Consider Road Department Summer Hours

   d) *Planning Commission* – March 17, 2026 Meeting
      i) Consider Approval of GOLDENWOOD 2575 TRACT RD 25D18-0004---000 Land Development Plan dated 09/17/2025; Revised 02/10/26
      ii) Consider Conditional Approval of BLUE RIDGE SPORTSMEN 3030 WAYNESBORO PIKE 25A17-0072---000 LIBERTY/HAMILTONBAN Plan dated 11/19/2025; Revised 01/21/26
      iii) Consider Accepting RAM Real Estate Land Development Plan dated for Review

e) *Secretary/Treasurer*

10) Old Business
a) Consider PSATS Employee Insurance Charge for January 2026
b) Consider Request to Participate in Tribal Body-Worn Camera Micro-Grant Program
c) Consider Candidates for Open Auditor Position
d) Consider Review of Highway Occupancy Permit Application
e) Consider Proposed Zoning Amendment

11) Public Comments on New Business Item
12) New Business
a) Consider Setting Administrative Work Rate for Zoning Enforcement Employee
b) Consider a Resolution Adopting A Parcel To The Township Agricultural Security Area
c) Consider Sending a Letter to Township Engineer Clarifying Billing Expectations
d) Consider a Resolution for Disposition Of Police Department Records
e) Consider Financial Security Agreement for Overweight Trucks Operating on Township Roads
f) Consider Amendment to Social Media Policy
g) Consider Adopting an Employee Time Keeping Policy
h) Consider Adopting a Policy for Use of Municipal Property
i) Consider Sending a Representative to Assessment Appeal Pre-Hearing Conference on April 28 at 9:30 AM

13) Adjournment

EXHIBIT B

Liberty Township Board of Supervisors, Adams County, PA
39 Topper Road, Fairfield, PA 17320
April 1, 2026, Board of Supervisors Meeting Minutes

The Board of Supervisors of Liberty Township, Adams County met Wednesday, Apr 1, 2026 at 6PM at the Township Municipal Building located at 39 Topper Road, Fairfield, PA 17320. The meeting was streamed live on Liberty Township's YouTube Channel.

At 6 PM Chairman Walter Barlow called the meeting to order.

Present: Chairman Walter Barlow, Vice Chairman Robert Keilholtz, Supervisor Christopher Hill, Solicitor John Lisko, Police Chief Terry DeWitt, and Secretary/Treasurer Wendy Peck.

Annual Pension Plan Presentation by RJ Hall: Chairman Barlow welcomed Kevin Hall and Rob Lutz to present the annual performance report for the Police Pension Plan. Kevin Hall presented detailed information on the plan performance and reported an overall positive result. Kevin Hall reported that the investments finished last year at about 12% and are up almost 3% for February/March of this year. Kevin Hall discussed the current market conditions and recommended that a 60/40 rebalance of the plan be postponed until the market stabilizes. Chris Hill asked how the Liberty Township plan compared to other municipal pension plan performances. Kevin Hall replied that it was very comparative. The Board thanked RJ Hall for the presentation.

Road Work Bid Opening: Chairman Barlow opened the bids for road work and read the results. CE Williams submitted a bid in the amount of $276,528 for the work on Bullfrog Road. New Enterprise submitted a bid in the amount of $202,872 for the work on Bullfrog Road. Russell Standard submitted a bid in the amount of $88,512 for the work on Girl Scout Road. *Mr. Barlow made a motion to award the bid for work on Bullfrog Road to the lowest bidder New Enterprise for the amount of $202,872. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed. Mr. Barlow made a motion to award the bid for work on Girl Scout Road to the only bidder Russell Standard for the amount of $88,512. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

Township Auditor: Mr. Barlow addressed agenda item 10c at this time. Mr. Barlow announced that township resident Mike Capone of 556 Friends Creek Road has expressed interest in filling the open Township Auditor position. *Mr. Barlow made a motion to appoint Mike Capone to fill the open Township Auditor position. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

Public Comments: Paul Royer, who identified himself as an attorney representing RAM Real Estate, addressed the Board. Mr. Royer stated that his client currently has a Land Development Plan for a hanger submitted to the township for review. He stated that the lease for the space that his client currently has for the aircraft is about to expire. Mr. Royer also stated that his client has already obtained an approved stormwater management plan from the township and that it is very similar to the Land Development Plan. Mr. Royer requested that the Board consider a conditional permit, or a provisional permit, or an expedited review of the plan. Mr. Barlow replied that Mr. Royer's client was first informed that he would need a Land Development Plan by the Liberty Township Zoning Officer on December 18, 2025 and no Land Development Plan was submitted until March 18, 2026. *Mr. Barlow made a motion not to grant a waiver for the review of the RAM Real Estate Land Development Plan. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

Supervisor Comments:
- Mr. Hill announced excitedly that Artemis was going to the moon. He reported that he spent 67 hours on Township activities in the month of March.
- Mr. Keilholtz had no comments.
- Mr. Barlow asked the public to please report any signs of littering to the township.

Minutes:
- *Mr. Keilholtz made a motion to accept the March 4, 2026, Regular Meeting minutes as presented. Mr. Hill seconded the motion. All voted yes, and the motion passed unanimously.*

Mr. Barlow announced that the Board of Supervisors held Executive Sessions on March 31 from 8:45-9:15 AM to discuss personnel and contractual issues and on March 25 from 12 noon to 2:00 PM also to obtain legal advice.

Expenses/Payroll:
- *Mr. Keilholtz made a motion for retroactive approval of the 03/05/2026-04/01/2026 expenses. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

- *Mr. Hill moved for retroactive approval of the 02/22/2026-03/07/2026 payroll. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed. Mr. Keilholtz moved for retroactive approval of the 03/08/2026-03/21/2026 payroll. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

Police Department Report – Chief Terry DeWitt presented a report for the month of March. The report for all three Townships included: Calls For Service 51; Traffic Stops 54; Citations 27; Faulty Equip/Warn 27; Community Events 0; Patrol Hours: 257.75; On Call Hours: 96; Traffic Details: 7; Total Miles: 1732; FT Hours: 173; PT Patrol: 84.75; PT Admin: 94; Total Hours: 351.75. Officer Higgins and Officer Coyne are both actively in the Field Training Program. Officer Gaskin is putting together a proposal to submit to the BOS to develop an Explorers Program for the Police Department. He is also possibly going to put together a Citizens Police Academy to help citizens understand what, how and why we do things. Officer Gaskin put together three "Go Bags" stocked with equipment for active shooter or barricade situations. Each vehicle has one bag supplied with medical equipment, spare magazines, rounds and restraints. National Night Out is August 4, 2026. The Gettysburg Lodges have agreed to allow us to use their physical location to host the event. The contract has been presented to the BOS. It is the 250th Anniversary of our Country. Our Police Department is looking to obtain 250th Anniversary badges through donation funds for all the Officers to wear. All (MVR/BWC) Camera Footage over sixty (60) days will be purged.

- *Mr. Hill made a motion to accept the contract from First Net/AT&T for Cellular and Hot Spot Service. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- *Mr. Hill made a motion to accept the contract with the Lodges at Gettysburg at no cost to use as a facility for the August 4th National Night Out event. Mr. Keilholtz seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to table the Act 22 Law Enforcement Audio and Video Recording Request Policy until May.*
- *Mr. Barlow made a motion to accept the resignation of Jessica Ilko from the position of Administrative Secretary to the Police Department effective April 11. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- Mr. Hill thanked Tripwire Aviation for participating in an MOU with the township for the past year and for the opportunity to explore a public/private partnership. After careful consideration, *Mr. Hill made a motion to decline to renew the contract or extend the agreement with Tripwire Aviation, LLC. Mr. Keilholtz seconded the motion. All voted yes, and the motion carried.*
- Mr. Barlow commented that two part-time police officers were sworn in to service at the March meeting, but at the time the Board unintentionally skipped the agenda item to vote on hiring them. *Mr. Barlow made a motion to retroactively hire Conan Higgins and Tara Coyne as Part Time Police Officers for the Liberty Township Police Department effective March 4 at a rate of $25.50 per hour. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to relieve the Auxiliary Police Officers serving as helicopter pilots from duty since the Township no longer had an agreement for a helicopter. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- Chief DeWitt presented information on the ICE 287(g) Program and requested that the Board consider entering into the program. After a lengthy discussion and careful consideration, *Mr. Hill made a motion that the township decline to participate in the ICE 287(g) Program. Mr. Keilholtz seconded the motion. All voted yes, and the motion carried.*

At 7:01 PM Chief DeWitt left the meeting.

Zoning Officer's Report – Mr. Barlow reported that one well permit, and one land use permit, were issued in March for a total of $150. He commented that there were no updates to the open zoning enforcement items. Mr. Barlow introduced Russ Harper to the public and announced that Russ was brought on board to the Township in January to serve as an Ordinance Enforcement Officer.

Roadmaster Report – Mr. Barlow announced that Adams County has notified the Township that Boyle Road will be closed April 8-9 for bridge repairs. He went on to state in the month of March the Road Department used 84.3 gallons of gasoline, 30.7 gallons of diesel, 65.3 gallons of off-road diesel and drove 1,330 miles. On March 17 there were ice issues and a tree down on Gladhill Road. On March 23 the Road Department attended Flagger Training. Mr. Barlow also reported that welding repairs and a replacement spreader box were needed for the 2000 International Yellow Dump Truck #161. A used spreader box was obtained from a neighboring municipality for $500. The mower also required welding repairs. Mr. Barlow also stated that the Road Department will be attending the PSATS conference for additional training and will be taking that opportunity to look at equipment eligible for the LSA grant.

- Mr. Barlow asked the Board to consider enacting summer work hours for the Road Department permitting flexibility in the start and end schedule to better meet the needs of the township. *Mr. Keilholtz made a motion to approve permitting flexible summer work hours for the Road Department. Mr. Hill seconded the motion. All voted yes, and the motion carried.*

Planning Commission Report: The Planning Commission met on March 17 to review and make recommendations for approval of several plans.

- *Mr. Barlow made a motion to approve the GOLDENWOOD 2575 TRACT RD 25D18-0004---000 Land Development Plan dated 09/17/2025; Revised 02/10/26 once all conditions have been met and account balances are paid in full. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- Mr. Barlow commented that he had several questions about the Blue Ridge Sportsmen Association Plan that is situated in both Liberty and Hamiltonban Township and did not wish to take any action until Liberty Township and Hamiltonban Township could meet to discuss the concerns. The Blue Ridge Sportsmen's Plan Engineer Lee Royer was present at the meeting and attempted to address some of Mr. Barlow's comments which included questions regarding the nonbuilding waiver, the building envelope, a forestry determination, and concerns with the lot boundaries in relation to the municipal boundaries. Mr. Royer's replies did not address the issues at a level that satisfied Mr. Barlow's concern. *Mr. Barlow made a motion to table any decisions on a conditional approval for the BLUE RIDGE SPORTSMEN 3030 WAYNESBORO PIKE 25A17-0072---000 LIBERTY/HAMILTONBAN Plan dated 11/19/2025; Revised 01/21/26.*
- *Mr. Barlow made a motion to grant the ninety day extension to review for BLUE RIDGE SPORTSMEN 3030 WAYNESBORO PIKE 25A17-0072---000 LIBERTY/HAMILTONBAN Plan dated 11/19/2025; Revised 01/21/26. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to Accept the RAM Real Estate Land Development Plan dated 03/23/26 for review. Mr. Hill seconded the motion. All voted yes, and the motion carried.*

Secretary/Treasurer: The fund balances as of March 31, 2026 were ACNB Gen Oper: $ 145,641.31; PLGIT Gen Res: $ 601,588.45; PLGIT Liq Fuels: $ 86,548.96; PLGIT Cap Res: $ 153,049.58: ACNB Escrow: $ 11,238.08. The LSA Grant is ready for invoices to be submitted for reimbursement. Once the Board decides on a purchase, I will process them for reimbursement. The Financial Audit is complete, and the summary has been advertised. There is no time frame for the completion of the Liquid Fuels audit. There are currently no upcoming financial capital needs for this department. Priorities include Process Planning Commission Applications and preparation for meeting; Reconcile the Escrow Account and bill for outstanding balances; Filing: Accounting filing is up to date. Parcel/Zoning filing is eight months behind.

*GENERAL LEDGER*

| Type | Date | Num | Name | Memo | PD Amount | Balance |
|---|---|---|---|---|---|---|
| **01.100 · GEN OPER & PAYROLL - ACNB (Checking Account)** | | | | | | **104,112.16** |
| Liability | 03/05/2026 | ACH | PA Dept. of Revenu | 1641 9699 | -348.61 | 103,763.55 |
| Liability | 03/05/2026 | ACH | US Treasury Dept/I | 23-2110946 | -2,526.30 | 101,237.25 |
| Check | 03/06/2026 | ACH | BMO Harris Bank-F | PLGIT CREDIT ACCOUNT | -3,451.43 | 97,785.82 |
| Deposit | 03/06/2026 | | | Deposit | 5,615.78 | 103,401.60 |
| Check | 03/09/2026 | 14139 | Mason's Propane S | Invoice 055219 | -739.91 | 102,661.69 |
| Check | 03/09/2026 | 14140 | Wolanin Consultin | Invoice 3857 | -425.00 | 102,236.69 |
| Check | 03/09/2026 | 14141 | John M. Lisko | Solicitor Fees | -1,968.00 | 100,268.69 |
| Check | 03/09/2026 | 14142 | ACCOG | Invoice 2026-022 | -100.00 | 100,168.69 |
| Check | 03/09/2026 | 14143 | DPM | 28408 | -181.50 | 99,987.19 |
| Check | 03/09/2026 | 14144 | De Witt, Terry A. | Reimburse 1/28 First Aid Class | -24.00 | 99,963.19 |
| Check | 03/09/2026 | 14145 | LEAF | 100-4990181-002 | -98.00 | 99,865.19 |
| Check | 03/09/2026 | 14146 | Galls | Account 1002673858 | -814.89 | 99,050.30 |
| Check | 03/09/2026 | 14147 | PMCA | 3535744 | -207.00 | 98,843.30 |
| Check | 03/09/2026 | 14148 | Aero Energy | Cust 59990 | -537.31 | 98,305.99 |
| Check | 03/09/2026 | 14149 | Lowes | 98004701524 | -321.52 | 97,984.47 |
| Check | 03/09/2026 | 14150 | West Penn Power | 14105001009711 | -407.25 | 97,577.22 |
| Check | 03/09/2026 | 14151 | Total Tech Solutior | Invoice 12915 | -550.00 | 97,027.22 |
| Check | 03/09/2026 | 14152 | Rabold's Services | Invoice 28377 | -90.00 | 96,937.22 |
| Check | 03/09/2026 | 14153 | KPI Technology | 10853 01/26/26-02/15/26 - Flanig | -261.95 | 96,675.27 |
| Deposit | 03/10/2026 | | | Deposit | 308.95 | 96,984.22 |
| Check | 03/10/2026 | ACH | ACNB | Payroll - Direct Deposit Service C | -29.78 | 96,954.44 |
| Deposit | 03/10/2026 | | | Deposit | 27.50 | 96,981.94 |
| Check | 03/11/2026 | 14155 | Hamiltonban Town | Purchase Equipment | -500.00 | 96,481.94 |
| Deposit | 03/11/2026 | | | Deposit | 2,945.82 | 99,427.76 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Paychec | 03/12/2026 | 14154 | Barlow, Walter M | | -1,695.95 | 97,731.81 |
| Paychec | 03/12/2026 | ACH | De Witt, Terry A. | | -2,093.45 | 95,638.36 |
| Paychec | 03/12/2026 | ACH | Gaskin, Daniel E. | | -86.84 | 95,551.52 |
| Paychec | 03/12/2026 | ACH | Ilko (Tax Collector), Jessica L. | | -117.89 | 95,433.63 |
| Paychec | 03/12/2026 | ACH | Ilko, Jessica | | -864.69 | 94,568.94 |
| Paychec | 03/12/2026 | ACH | Keller, Daniel A. | | -1,471.20 | 93,097.74 |
| Paychec | 03/12/2026 | ACH | Morris, Ryan J | | -111.57 | 92,986.17 |
| Paychec | 03/12/2026 | ACH | Peck, Wendy J. | | -1,395.16 | 91,591.01 |
| Check | 03/12/2026 | ACH | Intuit QuickBooks | Monthly fee for payroll service | -32.00 | 91,559.01 |
| Liability | 03/13/2026 | ACH | PA Dept. of Revenu | 1641 9699 | -307.98 | 91,251.03 |
| Liability | 03/13/2026 | ACH | US Treasury Dept/I | 23-2110946 | -2,349.84 | 88,901.19 |
| Deposit | 03/13/2026 | | | Deposit | 24,830.95 | 113,732.14 |
| Deposit | 03/19/2026 | | | Deposit | 19,051.91 | 132,784.05 |
| Check | 03/23/2026 | 14156 | SEK&Co. | Invoice 285479 | -2,190.00 | 130,594.05 |
| Check | 03/23/2026 | 14157 | Galls | Account 1002673858 | -177.63 | 130,416.42 |
| Check | 03/23/2026 | 14158 | ACATO | 2026-13 | -25.00 | 130,391.42 |
| Check | 03/23/2026 | 14159 | Comcast-Phone | 901156234 | -214.23 | 130,177.19 |
| Check | 03/23/2026 | 14160 | Shealers Septic Se | 38584 | -100.00 | 130,077.19 |
| Check | 03/23/2026 | 14161 | Wetzels Cleaning | 058275 | -95.00 | 129,982.19 |
| Check | 03/23/2026 | 14162 | DPM | 28513 | -823.47 | 129,158.72 |
| Check | 03/23/2026 | 14163 | E Plus Copy Cente | 2082 | -561.66 | 128,597.06 |
| Check | 03/23/2026 | 14164 | PSATS | INV - 186316-S1G4 | -694.00 | 127,903.06 |
| Check | 03/23/2026 | 14165 | Doceo | LT03 Contract C15840-01 | -204.09 | 127,698.97 |
| Deposit | 03/24/2026 | | | Deposit | 18,537.30 | 146,236.27 |
| Deposit | 03/25/2026 | | | Deposit | 2,217.39 | 148,453.66 |
| Paychec | 03/26/2026 | 14166 | Barlow, Walter M | | -1,352.26 | 147,101.40 |
| Paychec | 03/26/2026 | ACH | Coyne, Tara | | -106.00 | 146,995.40 |
| Paychec | 03/26/2026 | ACH | De Witt, Terry A. | | -1,870.27 | 145,125.13 |
| Paychec | 03/26/2026 | ACH | Gaskin, Daniel E. | | -232.42 | 144,892.71 |
| Paychec | 03/26/2026 | ACH | Harper, Russell | | -741.90 | 144,150.81 |
| Paychec | 03/26/2026 | ACH | Higgins, Conan | | -357.02 | 143,793.79 |
| Paychec | 03/26/2026 | ACH | Ilko (Tax Collector), Jessica L. | | -1,112.05 | 142,681.74 |
| Paychec | 03/26/2026 | ACH | Ilko, Jessica | | -827.86 | 141,853.88 |
| Paychec | 03/26/2026 | ACH | Keller, Daniel A. | | -1,446.75 | 140,407.13 |
| Paychec | 03/26/2026 | ACH | Morris, Ryan J | | -347.02 | 140,060.11 |
| Paychec | 03/26/2026 | ACH | Peck, Wendy J. | | -1,395.14 | 138,664.97 |
| Deposit | 03/26/2026 | | | Deposit | 468.00 | 139,132.97 |
| Liability | 03/27/2026 | ACH | PA Dept. of Revenu | 1641 9699 | -374.07 | 138,758.90 |
| Liability | 03/27/2026 | ACH | US Treasury Dept/I | 23-2110946 | -2,611.26 | 136,147.64 |
| Deposit | 03/30/2026 | | | Deposit | 9,493.67 | 145,641.31 |
| **Total 01.100 · GEN OPER & PAYROLL - ACNB (Checking Account)** | | | | | **41,529.15** | **145,641.31** |
| | | | | | | |
| **100.00 · PLIGT State** | | | | | | **10,111.36** |
| Deposit | 03/02/2026 | | | Deposit | 76,437.60 | 86,548.96 |
| **Total 100.00 · PLIGT State** | | | | | **76,437.60** | **86,548.96** |
| | | | | | | |
| **10.100 · Liberty Township Escrow** | | | | | | **9,212.58** |
| Deposit | 03/03/2026 | | | Deposit | 3,000.00 | 12,212.58 |
| Check | 03/09/2026 | 238 | KPI | 10853 01/26/26-02/15/26 | -2,274.50 | 9,938.08 |
| Deposit | 03/25/2026 | | | Deposit | 1,300.00 | 11,238.08 |
| **Total 10.100 · Liberty Township Escrow** | | | | | **2,025.50** | **11,238.08** |

| | | | | | |
|---|---|---|---|---|---|
| **95.100 · PLGIT Gen Reserve Fund** | | | | | **649,802.08** |
| Check | 02/10/2026 ACH | LIBERTY TOWNSHI | TRANSFER TO ACNB GEN OPERA | -50,000.00 | 599,802.08 |
| Deposit | 02/28/2026 | | Interest | 1,786.37 | 601,588.45 |
| **Total 95.100 · PLGIT Gen Reserve Fund** | | | | **-48,213.63** | **601,588.45** |
| | | | | | |
| **30.101 · PLIGIT Capital Reserve Fund** | | | | | **152,606.94** |
| Deposit | 02/28/2026 | | Interest | 442.64 | 153,049.58 |
| **Total 30.101 · PLIGIT Capital Reserve Fund** | | | | **442.64** | **153,049.58** |

Old Business:

- *Mr. Hill made a motion not to charge the employees for disputed PSATS Insurance Charge for January 2026. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- Mr. Barlow stated that no action would be taken on the request to Participate in Tribal Body-Worn Camera Micro-Grant Program since the time for the program has passed.
- *Mr. Barlow made a motion to accept the Highway Occupancy Permit Application Form as presented for use by the township. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to table the proposed Zoning Amendment until May. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

Public Comments on New Business Items: None.

New Business:

- *Mr. Barlow made a motion to retroactively set Administrative Work Rate for the Zoning Enforcement Employee at $45 per hour effective January 5. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to adopt the Resolution Adopting A Parcel To The Township Agricultural Security Area for lands owned by Boyd 8014 Friends Creek Road Parcel 25B18-0038---000. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to send a Letter to Township Engineer Clarifying Billing Expectations. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- *Mr. Barlow made a motion to adopt the Resolution for Disposition Of Police Department Records for 2014-2017. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- *Mr. Barlow made a motion to accept the Financial Security Agreement for Overweight Trucks Operating on Township Roads. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Hill made a motion to adopt an Amendment to the Social Media Policy. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.*
- *Mr. Hill made a motion to adopt an Employee Time Keeping Policy effective April 19, 2026. Mr. Barlow seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion adopting a Policy for Use of Municipal Property effective April 19, 2026. Mr. Hill seconded the motion. All voted yes, and the motion carried.*
- *Mr. Barlow made a motion to decline to send a Representative to Assessment Appeal Pre-Hearing Conference on April 28 at 9:30 AM. Mr. Hill seconded the motion. All voted yes, and the motion carried.*

At 7:43 PM The Supervisors and the Solicitor left the meeting and went into an Executive Session.
At 8:25 PM Chairman Barlow called the meeting back to order and announced that the Board met in Executive Session to discuss personnel issues. Mr. Keilholtz commented that after careful consideration and considerable discussion with the Board and the Solicitor; *Mr. Keilholtz made a motion to terminate the employment of Liberty Township Police Officers Conan Higgins and Ryan Morris effective immediately. Mr. Hill seconded the motion. All voted yes, and the motion passed.*

With no further business, *at 8:27 PM, Mr. Barlow made a motion to adjourn the meeting. Mr. Keilholtz seconded the motion. All voted yes, and the motion passed.* The next regular meeting of the Board of Supervisors is scheduled for Wednesday, May 6, 2026 at 6 PM at the Township Municipal Building.

Respectfully submitted,

Wendy Peck, Secretary/Treasurer

EXHIBIT C

**LIBERTY TOWNSHIP**
39 TOPPER ROAD,
FAIRFIELD, PENNSYLVANIA 17320
717-642-3780

April 14, 2026

Ryan Morris
1425 Knoxlyn Orrtanna Road
Orrtanna, PA 17353

Ryan Morris:

At our public meeting held on April 1, 2026, the Board of Supervisors voted to terminate your employment with Liberty Township, effective immediately upon that action.

This correspondence serves as official notice and confirmation of the Board's decision.

Please contact Chief Terry DeWitt within seven (7) days of receipt of this notice to coordinate the return of all Township-issued property and to finalize separation arrangements.

We appreciate your service to Liberty Township and your contributions to the Police Department during your tenure.

Respectfully,

Chris Hill
Township Supervisor
Liberty Township, Adams County
39 Topper Road, Fairfield, PA 17320
Chill@libertytownshippa.org
Main Office: 717-642-3780
Mobile: 240.731.4289

CC: Liberty Township Police Chief Terry DeWitt
Liberty Township Board of Supervisors

EXHIBIT D

# LIBERTY TOWNSHIP

39 TOPPER ROAD,
FAIRFIELD, PENNSYLVANIA 17320
717-642-3780

April 14, 2026

Conan Higgins
3911 GA HWY 119 N
Pembroke, GA 31321

Conan Higgins:

At our public meeting held on April 1, 2026, the Board of Supervisors voted to terminate your employment with Liberty Township, effective immediately upon that action.

This correspondence serves as official notice and confirmation of the Board's decision.

Please contact Chief Terry DeWitt within seven (7) days of receipt of this notice to coordinate the return of all Township-issued property and to finalize separation arrangements.

We appreciate your service to Liberty Township and your contributions to the Police Department during your tenure.

Respectfully,

Chris Hill
Township Supervisor
Liberty Township, Adams County
39 Topper Road, Fairfield, PA 17320
Chill@libertytownshippa.org
Main Office: 717-642-3780
Mobile: 240.731.4289

CC: Liberty Township Police Chief Terry DeWitt
Liberty Township Board of Supervisors

VERIFICATION

I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

Dated: 5/18/2026

By: ______________________
Ryan J. Morris

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **vkbPFqS4Lx6DWBch9fqXTr9z** |
| Signed by: | Ryan J. Morris |
| Sent to email: | Tripwire17325@me.com |
| IP Address: | 172.56.219.18 |
| Signed at: | May 18 2026, 12:29 pm EDT |

VERIFICATION

I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

Dated: 5/21/2026

By: Conan J. Higgins, ESQ., KM, Ph.D.
ID i53DfiitpivZjkq7qPsGxkcB
Conan J. Higgins

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **i53Dfii1pivZjkq7qPsGxkcB** |
| Signed by: | Conan Joseph Higgins |
| Sent to email: | conan.higgins@tsilegalenterprises.com |
| IP Address: | 207.104.43.111 |
| Signed at: | May 21 2026, 6:34 pm EDT |